UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAK PROPERTY HOLDINGS, INC.,

    Plaintiff,

v.

Case Nos.:  2:23-cv-417-SPC-KCD
               2:23-cv-497-SPC-KCD

INDEPENDENT SPECIALTY INSURANCE COMPANY and CERTAIN UNDERWRITERS AT LLOYD'S LONDON,

    Defendants.
_____/

## OPINION AND ORDER

Plaintiff DAK Property Holdings, Inc. twice sued Defendants Independent Specialty Insurance Company and Certain Underwriters at Lloyd's London for breach of contract alleging Defendants failed to fully pay its Hurricane Ian insurance claims. (Doc. 5).[1] But the parties' insurance contract contains an arbitration provision. So after Defendants removed both actions to this Court, they moved to compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. (Doc. 13). Judge Dudek granted the motions and rejected Plaintiff's argument, among other

---

[1] Citations to the record reference filings in the first-filed case, 2:23-cv-417-SPC-KCD. The relevant motions, orders, and objections from each case are identical.

arguments, that Florida law reverse preempts the Convention through the McCarran-Ferguson Act. (Doc. 25). Plaintiff objects.

Compelling arbitration is non-dispositive. So the Court must review Judge Dudek's Order under a clear-error standard. Fed. R. Civ. P. 72(a). The district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous if the reviewing court, after assessing the evidence in its entirety, is left with definite and firm conviction that a mistake has been committed." *A.R. by and through Root v. Dudek*, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015) (citation omitted). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citation omitted).

Plaintiff objects to Judge Dudek's Order by rehashing its reverse-preemption argument. According to Plaintiff, Florida insurance statutes bar the enforcement of the arbitration clause. And because the McCarran-Ferguson Act provides that "[n]o Act of Congress shall be construed to . . . supersede any law . . . regulating the business of insurance," so the argument goes, those Florida Statutes are supreme. But Judge Dudek properly rejected this argument the first time around. At least one of the parties is a foreign entity. So the Convention governs. And as Judge Dudek observed, "the

Convention supersedes the McCarran-Ferguson Act." *Goshawk Dedicated v. Portsmouth Settlement Co. I*, 466 F. Supp. 2d 1293, 1304 (N.D. Ga. 2006).

Plaintiff's increased reliance on *Stephens v. American International Ins. Co.*, 66 F.3d 41 (2d Cir. 1995) does not move the needle. That out-of-circuit opinion holds that the Convention is not self-executing and therefore does not supersede the McCarran-Ferguson Act. *See Stephens*, 66 F.3d at 45. At least one persuasive in-circuit opinion has explicitly repudiated *Stephens*. *See Goshawk Dedicated*, 466 F. Supp. 2d at 1305 n.9. Others disagree with *Stephens* without addressing the opinion. *See, e.g.*, *Antillean Marine Shipping Corp. v. Through Transp. Mut. Ins., Ltd.*, No. 02-22196-CIV., 2002 WL 32075793, at *3 (S.D. Fla. Oct. 31, 2002) ("[T]he McCarran-Ferguson Act does not apply to international insurance contracts made under the Convention[.]"); *Lloyds Underwriters v. Netterstrom*, 17 So. 3d 732, 737 (Fla. Dist. Ct. App. 2009) ([T]he McCarran–Ferguson Act applies only to arbitration agreements within the United States and that it has no effect on an international arbitration agreement that is governed by the Convention."). Judge Dudek did not commit clear error by relying on those well-reasoned opinions.

Otherwise, Plaintiff merely "incorporates by reference" its other previously asserted arguments against arbitration. (Doc. 26 at 3). If this is another objection to Judge Dudek's Order, the Court rejects it. This blanket argument is not sufficiently developed. So Plaintiff forfeits its other

3

arguments. Moreover, by broadly incorporating all of its previously asserted arguments, Plaintiff effectively asks the Court for de novo review. But this is not the appropriate standard. And, as discussed above, Judge Dudek committed no clear error compelling arbitration.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Objections to the Magistrate Judge's Order are **OVERRULED**.

2. The Clerk is **DIRECTED** to enter a stay flag and administratively close the case.

3. The parties must file a written status report on or before **November 14, 2023**, and then every 120 days until arbitration is complete.

**DONE** and **ORDERED** in Fort Myers, Florida on September 14, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4